IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES R. BREWER, JR.; AND
VICKIE RENEE BREWER                                                           PLAINTIFFS

VERSUS                                               CIVIL ACTION NO. 2:05cv137KS-MTP

MERCEDES BENZ CREDIT CORPORATION                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#31]** filed on behalf of the defendant, Mercedes Benz Credit Corporation.  The court, having reviewed the motion, the pleadings and exhibits on file and being  being advised that the plaintiff has failed to respond finds that the motion to dismiss is well taken and should be granted.  The court specifically finds as follows:

## BACKGROUND

Plaintiffs James R. Brewer, Jr. and Vickie Renee Brewer filed the initial Complaint in this matter in the Circuit Court of Jones County, Mississippi – Civil Action No. 2004- 113-CV6.  The Plaintiffs' Complaint alleged that on or about January 29, 2004, James Brewer was employed by Vanguard Services, Inc. and was driving a tractor-trailer truck that was owned by the Defendant, Mercedes Benz Credit Corporation; the tractor-trailer was leased or being purchased by the Defendant, Ferry Transportation.  James Brewer alleged he was loading the trailer with chickens to

deliver to Moselle, Mississippi, from Nashville, Arkansas.  Brewer further alleged that while negotiating a turn, the springs that would have balanced the trailer were broken and caused the load to shift and flip over causing the tractor-trailer to be on its right side.

Plaintiffs alleged that it was the duty of Ferry Transportation to maintain the trailer that was being pulled by the tractor operated by the Plaintiff.  Plaintiffs also alleged that it was the responsibility of Ferry Transportation and Mercedes Benz Credit Corporation to have the trailer properly inspected prior to use and to have it properly maintained, and that they negligently failed to do so. Plaintiffs claimed that the aforesaid negligence caused James Brewer to sustain serious damages and injuries including medical bills, doctor bills, and permanent injuries, all as a direct result of this accident.  Vickie Brewer alleged she suffered a loss of consortium as a result of the aforesaid negligence of the Defendants.  Finally, Plaintiffs alleged that these negligent acts were willful and gross in nature entitling the Plaintiffs to punitive damages.

Prior to the removal of this case, the Defendant Ferry Transportation was voluntarily dismissed from this action on or about May 12, 2005, and the Plaintiffs obtained an entry of default against Chrysler.  This action was properly removed to this Court on or about May 20, 2005, and Plaintiffs' Motion to Remand this action was denied by Order of this Court dated August 2, 2005.  Additionally, the entry of default against Chrysler was set aside by order of this Court dated October 20, 2005.

Various motions were filed in this matter, including, Defendant, Chrysler's, Motion for Leave to File Third Party Complaint, and an Amended Motion for Leave to File Third Party Complaint, filed on or about January 2, 2006 and February 15, 2006, respectively,

and said motion was granted on or about March 14, 2006. In Chrysler's motion, it requested that this Court hold the matter of its Third Party Complaint in abeyance until such time it had completed its investigation of its rights under the lease agreement with Ferry Transportation.

On or about January 27, 2007, Chrysler filed a Complaint for Declaratory Judgment, Civil Action No. 2007-7-CV1, against Ferry Transportation and other defendants, in the Circuit Court of the Second Judicial District of Jones County, Mississippi. However, Chrysler was unable to locate and serve process upon Ferry Transportation, and Chrysler's Complaint was eventually dismissed pursuant to Rule 41(d)(1) of the Mississippi Rules of Civil Procedure on or about December 3, 2009. Ferry Transportation is no longer a party to this action, in any way. On or about March 22, 2006, this Court found "no further reason to maintain the file as an open one for statistical purposes" due to the Suggestion of Bankruptcy filed by Defendant, Ferry Transportation.

Plaintiffs' attorney, Jay L. Jernigan, filed his motion to withdraw as counsel on or about October 30, 2007. That motion was granted on or about August 26, 2008. Plaintiffs were ordered that a new attorney should enter his or her appearance within thirty days from the date of the Order allowing Plaintiffs' attorney to withdraw – which would have been on or about September 26, 2008 – or the Plaintiffs were to announce that they were proceeding pro se.

Plaintiffs have failed to respond to this Court's August 26, 2008, Order. In fact, no motions or orders have been entered in this matter since August 27, 2008 – a period of inactivity of almost three years. Further, Plaintiffs' last action of prosecution, or

furtherance, of this case was over five years ago when Plaintiffs propounded three interrogatories to Chrysler on or about December 12, 2005.

## LAW AND ANALYSIS

Fed. R. Civ. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." The Court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order." *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)). *See also Lopez v. Aransas County Independent Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

In *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982) the Fifth Circuit surveyed the principles controlling Rule 41(b) dismissals with prejudice and stated, "A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal." *Id.* at 322. *Rogers* also listed three "aggravating elements" that usually accompany the two primary reasons for which the Rule 41(b) power is invoked. These three elements are "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 320. The Fifth Circuit has stated that "[d]elay alone can infuse an adverse element into the proper flow of litigation: evidence deteriorates or disappears, memories fade, and witnesses die or move away." *Veazey v. Young's Yacht Sale & Service, Inc.*, 644 F.2d 475, 477-78 (5th Cir. 1981). "If the delay is unjustified, the court can and must act to redress the

balance." *Id.*

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, 370 U.S. at 630.

The Plaintiffs' last action to pursue the prosecution of this case was over five and a half years ago and nothing has transpired for over two and a half years. The Plaintiffs bear the obligation to prosecute this case to a conclusion and must be vigilant in doing so. It has been over six years since the filing of the complaint and the Plaintiffs have failed to comply with the Court's orders and has otherwise failed to prosecute this case. Therefore, dismissal pursuant to Fed. R. Civ. P. 41(b) is appropriate. *See Ordogne v. Shalala*, No. 92-3183 "I" (3), 1994 WL 543031, at *2 (E.D. La. June 14, 1994).

IT IS ORDERED AND ADJUDGED that Plaintiffs' Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 6th day of May, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE